Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows:
 

 This Court approves of the directions to the jury. It is stated, that the note was given without the assent of M‘Dowell; and there are no circumstances in the case from which any reasonable belief on the part of the creditors can be justly inferred, that it was given with his consent. It is now well settled at law, that it is
 
 prima facie
 
 fraudulent for a separate creditor of one of the firm to take from him the security of the firm: for it is a security which the creditor knows his separate debtor ought not to give, without the consent of the firm; and therefore he cannot honestly take it.
 
 Cotton
 
 v.
 
 Evans,
 
 1 Dev. & Bat. Eq. Rep. 284.
 

 But the Court is unable even to affirm the judgment as far as it goes for the plaintiff. In an action against two, there cannot be a judgment against both for part of the demand, and against one of them for the residue — thus requiring different writs of execution upon the same judgment. All that can be done here is to allow the plaintiffs to amend by striking out, at their election, one of the counts in the declaration, and that part of the verdict which relates to such count; and then they may have a corresponding judgment. This is allowed in this Court, because it would be an amendment of course in the Court below, to answer the justice of the case.
 
 Grist
 
 v.
 
 Hodges, S
 
 Dev. 198. But an actual amendment being necessary, the
 
 *537
 
 plaintiff must pay the costs in both Courts, as a condition.
 

 Per Curiam. Judgment accordingly.